# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD COOPER, | 3:04-cv-00665-RLH (VPC) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| PATRICIA LEONHARDT, *et al.*, | |
| Defendants. | March 3, 2008 |

This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#55). Plaintiff failed to file an opposition. The court has thoroughly reviewed the record recommends that defendants' motion (#55) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Richard Cooper ("plaintiff"), acting *in pro se*, was last incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#14). Plaintiff brings his first amended complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment right prohibiting cruel and unusual punishment for denying him dental care while incarcerated at Lovelock Correctional Center ("LCC") in 2004. *Id*. Plaintiff names as defendants Patricia Leonhardt, LCC Director of Nursing; Cherie Scott, LCC Associate Warden; Dr. Kenneth Taber, LCC Dentist; and Dr. William Downie, LCC Dentist. *Id*.; *see also* #15.

On June 23, 2006, the District Court granted defendants' motion for summary judgment as to plaintiff's money damages, but allowed plaintiff's claims for injunctive relief to proceed (#39). On August 14, 2007, the District Court ordered that this court conduct a settlement conference (#44). This court set the settlement conference for October 3, 2007 (#s45 and 46). Docket numbers 44, 45 and 46 that had been sent to plaintiff were returned marked "discharged" (#s47 and 48). On October 2, 2007, this court granted defendants' motion to vacate the

settlement conference (#51) because defendants informed the court that plaintiff had been released from prison on July 10, 2007, and had not received the settlement conference orders (#52). Defendants served plaintiff with docket number 51 at his forwarding address in Ohio, and the docket sheet reflects that docket number 52 was sent to plaintiff at the Ohio address on October 11, 2007.

On January 23, 2008, defendants filed their current motion to dismiss (#55). The court issued its standard order pursuant to *Klingele v. Eikenberry* informing plaintiff of his rights and responsibilities in responding to dispositive motions (#56). Both docket numbers 55 and 56 were sent to plaintiff's Ohio address, however, plaintiff failed to file a motion in opposition to defendants' motion to dismiss. On February 12, 2008, this court *sua sponte* granted plaintiff one final extension of time until February 29, 2008 to file an opposition to defendant's motion to dismiss (#57). To date, plaintiff has failed to file an opposition.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A. Discussion**

**1. Motion to Dismiss Standard**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the complaint. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).

Under § 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendant acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also*

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  "'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984), *quoting Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

**B. Analysis**

Defendants argue that the court should dismiss plaintiff's case because his only remaining claim is for injunctive relief, and plaintiff has no standing to bring a claim for injunctive relief because he has been released from prison.

Plaintiffs who seek the jurisdiction of the federal courts must satisfy the threshold requirement of alleging an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). A plaintiff not only must demonstrate a "personal stake in the outcome," but also must prove that he "has sustained or is in immediate danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Id*. (citations omitted). Where a plaintiff seeks prospective injunctive relief, the plaintiff "must demonstrate 'that he is realistically threatened by a repetition of (the violation).'" *Armstrong v. Davis*, 275 F.3d 849, 860-61 (9th Cir. 2001) (citing *Lyons*, 461 U.S. at 109).

Plaintiff is no longer incarcerated in the NDOC system. Thus, there is no "real or immediate" injury demonstrated here, nor is there a realistic probability of a repetition of the alleged violations. Plaintiff lacks standing to request prospective injunctive relief.

Moreover, local rule 7-2 states "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." L.R. 7-2(d). The court has duly warned plaintiff of the consequences of failing to file an opposition, and the court finds that plaintiff consents to defendants' arguments. The court grants defendant's motion to dismiss.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has no standing to bring a claim for injunctive relief as he has not demonstrated that there is a

3

"real or immediate" injury or a realistic probability of a repetition of the alleged violations. As such, the court recommends that defendant's motion to dismiss (#55) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion (#55) be **GRANTED**.

**DATED:** March 3, 2008.

_____
 **UNITED STATES MAGISTRATE JUDGE**